Patrice M. Horstman, No. 005841
Eve A. Parnell, No. 009794
Samantha B. Kelty No. 024110
HUFFORD, HORSTMAN, MONGINI,
PARNELL & TUCKER, P.C.
120 N. Beaver Street
P. O. Box B
Flagstaff, AZ 86002
(928) 226-0000
FAX  928-779-3621
Attorneys for Defendant
Sedona Oak Creek Unified School District No. 9
pmh@h2m2law.com
eap@h2m2law.com
sbk@h2m2law.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis, individually and on behalf of E.O., <br><br> Plaintiff, <br><br> vs. <br><br> Sedona Oak Creek Unified School District No. 9, <br><br> Defendant. | Case No. CV 14-8166-PCT-JAT <br><br> ANSWER <br><br> (BEFORE THE HONORABLE JAMES A. TEILBORG) |

For its Answer to Plaintiff's Complaint, Defendant Sedona Oak Creek Unified School District (District) hereby admits, denies and affirmatively alleges as follows:

1. Defendant denies every allegation of the Complaint not specifically admitted in this Answer.

2. Paragraphs 1 through 3 state legal conclusions to which no response is necessary. To the extent the Court requires a response, Defendant admits jurisdiction and venue for this appeal are proper in this Court. Answering paragraphs 4 through 8, Defendant admits that

255999.1 11/3/2014

Student E.O. is a child with a disability as defined by IDEA, and that the District is a local educational agency subject to applicable federal and state law. The District admits that Plaintiff Matthew Oskowis and E.O.'s mother, Tara Middlebrook are E.O.'s parents and that they list their address on school records as located within the boundaries of the Sedona Oak Creek Unified School District No. 9 in Yavapai County.

3. Answering paragraph 9, the Defendant admits that on July 12, 2013 Plaintiff Matthew Oskowis filed a Due Process Complaint with the Arizona Department of Education, attached as Exhibit A to Plaintiff's Complaint.

4. Answering paragraphs 10 through 18, the Defendant admits the same. Four full days of administrative hearing were held on the four Due Process Complaints consolidated for this action, and Administrative Law Judge Eigenheer issued a decision on August 4, 2014.

5. Answering paragraphs 19 through 27, the Defendant answers that federal law in the Individuals with Disabilities Education Act (IDEA), together with associated federal regulations at 34 C.F.R. Part 300, provide in detail the requirements for an individualized education program, and that the language of this statute and associated regulations speak for themselves. The Defendant denies that the Plaintiff's shortened summary of these provisions is adequate or complete.

6. Answering paragraph 28, the Defendant responds that paragraph 28 is an opinion concerning what the IDEA "primarily provides" to which no response is necessary. The statutes speak for themselves. To the extent the Court requires a response, Defendant denies the same.

7. Answering paragraph 29, the Defendant states that the IDEA and associated regulations describe in detail the requirements for an individualized education program, and that this language speaks for itself.

HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
Attorneys at Law
Post Office Box B
120 North Beaver Street
Flagstaff, Arizona 86002
(928) 226-0000

8. Answering paragraph 30, Defendant admits that the Ninth Circuit Opinion in *Park v. Anaheim Union School District*, includes the quotation in paragraph 30 of the Complaint. The Defendant affirmatively alleges that the entire decision speaks for itself and that the Court's decision may not be judged based upon these fragments alone.

9. Answering paragraph 31, the Defendant admits the same and affirmatively alleges that either a parent or public agency may file a due process complaint as set forth in 34 C.F.R. §300.507, which speaks for itself.

10. Answering paragraph 32, the Defendant admits that a due process complaint must allege a violation that occurred not more than two years prior to the date the parent or agency knew or should have known about the alleged action forming the basis for the complaint, subject to the exceptions listed in 34 C.F.R. §300.507.

11. Answering paragraph 33, Defendant denies the accuracy of Plaintiff's summary and affirmatively alleges that 34 C.F.R. §300.513 speaks for itself.

12. Answering paragraph 34, the Defendant denies the accuracy of Plaintiff's summary of the Court's 1994 decision in *Union School District v. Smith* and affirmatively alleges that the Opinion uses the words "written offer" while referring to the IDEA's requirement for a Prior Written Notice under 20 U.S.C. §1415(b)(1)(c).

13. Answering paragraphs 35 and 36, Defendant admits that these partial quotes of the Court's decision have been reproduced accurately, but affirmatively alleges that the entire decision speaks for itself and that the Court's decision may not be judged based upon these fragments taken out of context.

14. Answering paragraph 37, Defendant admits that these partial quotes of the Court's decision cited have been reproduced accurately, but affirmatively alleges that the entire decision speaks for itself and that the Court's decision may not be judged based upon these fragments taken out of context.

15. Answering paragraphs 38 and 39, the Defendant admits that these partial quotes of the Court decision cited have been reproduced accurately, but affirmatively alleges that the entire decision speaks for itself and that the Court's decision may not be judged based upon these fragments alone.

16. Answering paragraph 40, Defendant admits that due process hearings are conducted by the Office of Administrative Hearings on request of the State educational agency as provided by law.

17. Answering paragraph 41, Defendant admits the same.

FACTUAL BACKGROUND

18. Defendant admits paragraph 42.

19. Defendant is without sufficient information concerning the date of diagnosis and therefore denies paragraph 43.

20. Defendant admits paragraphs 44 and 45.

21. Defendant is without sufficient information concerning when Student's special education services commenced prior to enrollment at Defendant District, and therefore denies paragraph 46. The Defendant affirmatively alleges that the Student received special education services commencing with his enrollment in the District in spring 2010.

22. Defendant admits paragraphs 47 and 48.

23. Answering paragraph 49, Defendant states that the Due Process Complaint speaks for itself.

24. Answering paragraph 50 through 52, Defendant admits that the parents requested numerous forms of relief and states that the parents' Complaint speaks for itself.

25. Answering paragraph 53, the Defendant admits that the IEP team met for IEP meetings on August 14 and 15, 2013 concerning the Student's IEP for the 2013-14 academic

1 year, but denies that the sole discussion of the Student's IEP for 2013-14 occurred on these dates and affirmatively alleges that the parents also attended and had opportunity to provide input concerning student's IEP on two other IEP meeting dates in May 2013.

26. Answering paragraphs 54 through 57, the Defendant admits that the parents filed another Due Process Complaint on September 3, 2013, and that the Complaint speaks for itself.

27. Answering paragraph 58, Defendant admits that the second Due Process Complaint was consolidated with the first.

28. The Defendant admits paragraph 59.

29. Answering paragraphs 60 through 65, the Defendant admits that the parents filed another Due Process Complaint on November 26, 2013 and states that the Complaint speaks for itself.

30. Answering paragraphs 66 through 68, the Defendant admits that parent filed another Due Process Complaint on January 8, 2014 and states that the Complaint speaks for itself.

31. The Defendant admits paragraphs 69 through 71.

32. Answering paragraphs 72 through 75, the Defendant admits that Judge Eigenheer ordered 90 hours of compensatory education, but denies the remaining characterizations of the Judge's Order and states that the Judge's decision speaks for itself. Defendant specifically denies that the findings of the Administrative Law Judge were factually and legally erroneous, or that the Administrative Law Judge improperly denied relief to Plaintiff.

(a-c) Defendant affirmatively alleges that continuances of the date for decision are permitted pursuant to 34 C.F.R. §300.515(c).

(d) The Defendant specifically denies that the Administrative Law Judge relied upon testimony expanding the services provided pursuant to the IEP and affirmatively alleges that the District provided services described in the IEP.

HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
Attorneys at Law
Post Office Box B
120 North Beaver Street
Flagstaff, Arizona 86002
(928) 226-0000

(e) Defendant District specifically denies that expert witness, Dr. Trina Spencer had been "specifically excluded" as alleged by Plaintiff in paragraph 75(e) of the Complaint and affirmatively alleges that the Administrative Law Judge properly relied on expert testimony of Behavior Analyst, Dr. Trina Spencer.

(f) Defendant District specifically denies Plaintiff's assertion in paragraph 75(f) that the Administrative Law Judge erred in finding that parent's assumptions concerning the DTT interval were flawed. Defendant affirmatively alleges that the Administrative Law Judge properly concluded that parent's assumptions were "flawed on many levels". ALJ Decision, Conclusion of Law (COL) 12. District also affirmatively alleges that Dr. Joseph Gentry was not a witness, as claimed by Plaintiff in paragraph 75(f).

(g) Defendant District specifically denies the Plaintiff's claim in paragraph 75(g) of the Complaint that the Judge erred in disputing the DTT interval estimated by the parent. Defendant affirmatively alleges that Judge Eigenheer properly concluded that parent's estimate of the DTT interval was flawed for reasons including, but not limited to, the fact that the parent never observed the student do a DTT trial at school. ALJ Decision, COL 15.

(h) Defendant District specifically denies Plaintiff's claim in paragraph 75(h) of the Complaint that the Judge erred in not considering testimony of Ken Baumgartner from an August IEP meeting. Defendant affirmatively alleges that Mr. Baumgartner was a witness at the Due Process hearing and testified concerning development of the August IEP.

(i) Defendant District specifically denies Plaintiff's allegation in paragraph 75(i) that the Administrative Law Judge "erred in the observation that majority of E.O.'s day spent was not reflected by the goals and objectives indicated by the IEP." Defendant affirmatively alleges that this misstates both the testimony at the Due Process hearing

and the Judge's findings that not all of student's work towards his goals and objectives is reflected in the DTTs. ALJ Decision, Finding of Fact (FOF) 12 and COL 12.

(j) Defendant District specifically denies Plaintiff's allegation in paragraph 75(j). Paragraph 75(j) misstates the Judge's conclusions and testimony. Defendant affirmatively alleges that the Judge properly concluded that the student received all required occupational therapy services.

(k) Defendant District specifically denies Plaintiff's allegation in paragraph 75(k). Defendant affirmatively alleges that Judge Eigenheer properly concluded that the parents were afforded meaningful participation in the IEP development process.

(l-r) Defendant District specifically denies the allegations of Plaintiff's Complaint paragraph 75(l-r).

FIRST CAUSE OF ACTION

33. Answering paragraph 76, Defendant repeats and re-alleges its response to paragraphs 1 through 75 and incorporates them herein.

34. Answering paragraphs 77 through 81 of the Complaint, Defendant denies the same and requests the Court to deny the Plaintiff's requests in paragraph 81.

SECOND CAUSE OF ACTION

35. Answering paragraph 82, Defendant repeats its responses to paragraphs 1 through 81 and incorporates them herein.

36. Responding to paragraph 83, Defendant admits that Plaintiff was awarded very limited success in the form of ninety hours of compensatory education.

37. Responding to 84 of the Complaint, the Defendant denies that the Plaintiff is entitled to attorneys' fees, costs or expenses and affirmatively alleges that no attorney fees were

HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
*Attorneys at Law*
Post Office Box B
120 North Beaver Street
Flagstaff, Arizona 86002
(928) 226-0000

incurred in representing parent as parent appeared pro se. No attorney's fees are awarded to a pro se parent representing their child or themselves in an IDEA action. Even if a parent representing his child is an attorney himself, attorneys' fees are denied to parents who act as their own counsel. Attorneys' fees are available only to third party attorneys involved in an IDEA case. *Ford v. Long Beach Unified School District*, 461 F.3d 1087 (9th Cir. 2006).

38. Defendant affirmatively alleges that parents' request for fees and costs is without any legal basis under the IDEA and that parent's Complaint is interposed for an improper purpose, specifically intimidation, unnecessary delay of a final resolution, to cause increased fees to Defendant, and for harassment. The Complaint seeking further relief and request for fees is not made in good faith, it is not warranted by existing law, or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law. Plaintiff's Complaint and request for fees violates the intent of IDEA and is presented for improper purposes of harassment, delay of a resolution of this matter, and needlessly increases costs of litigation.

AFFIRMATIVE ALLEGATIONS AND DEFENSES

39. Defendant affirmatively alleges that Judge Eigenheer issued a comprehensive, detailed and well-reasoned decision, supported by evidence and law, on August 4, 2014. Her decision is entitled to "due weight" based on thorough, careful, and accurate findings and conclusions which include detailed findings of fact with citations to the record, and conclusions of law that set forth the legal standard with citations to the law and statutes. *Deer Valley Unified School District v. L.P.,* 942 F.Supp.2d 880, 882 (D. Ariz. 2013).

40. Hearing Officer's findings will be treated as thorough and careful "when the Officer participates in the questioning of witnesses and writes a decision containing a complete factual background as well as a discrete analysis supporting the ultimate conclusions."

1  Under these circumstances, the Administrative Law Judge's findings are entitled to significant weight. *Park v. Anaheim Union High Sch. Dist.,* 464 F.3d 1025, 1031 (9th Cir. 2006); *Seattle School District No. 1 v. B.S.*, 82 F.3d 1493, 1499 (9th Cir. 1996).

41. Judge Eigenheer read and considered each admitted exhibit, even if not mentioned in the Decision. Judge Eigenheer also considered the testimony of every witness, even if the witness was not specifically mentioned in the Decision. ALJ Decision, statement that the Judge considered the entire record, p. 4, footnote 5. Review of the transcripts also shows that the Judge participated in questioning witnesses.

42. Judge Eigenheer properly concluded that a parent who requests a Due Process hearing alleging non-compliance with the IDEA bears the burden of proving that claim. ALJ Decision, COL 1.

43. As a separate defense, and in the alternative, Defendant alleges that in an action for judicial review of an administrative decision, the burden of persuasion rests with the party challenging the Administrative Law Judge's Decision, *L.M. v. Capistrano Unified School District*, 556 F.3d 900, 910 (9th Cir. 2009).

44. As a separate defense, and in the alternative, Defendant alleges that courts must be careful not to "substitute their own notions of sound educational policy for those of the school authorities which they review". *Hendrick Hudson Cent. Sch. Dist. v Rowley* at 458 U.S. 176, 206 (1982).

45. As a separate defense, and in the alternative, Defendant alleges that Administrative Law Judge Eigenheer properly concluded that Plaintiff's argument alleging failure to provide E.O. with the service minutes provided for in the August 2012 IEP was "flawed on many levels". ALJ Decision, COL 12.

46. Defendant alleges that Judge Eigenheer correctly concluded that student E.O. received instruction that was not documented on a DDT data sheet. Her conclusion was

supported by expert testimony from Dr. Spencer and others that a variety of instruction could be provided outside of the DDTs, especially in language and social interaction. ALJ Decision at FOF 12 and COL 12, 13 and 16.

47. Defendant alleges that Judge Eigenheer properly concluded, and did not err, when she determined that evidence established that there were numerous instructional sessions throughout student's day that could not have been reduced to a DTT data sheet. ALJ Decision at COL 14.

48. Defendant alleges that Judge Eigenheer correctly concluded that parent's assumptions regarding determination of the services provided to student inappropriately excluded breaks and rewards that were part of instruction given to student. ALJ Decision at COL 15.

49. Defendant alleges that Judge Eigenheer properly noted that parent M.O. estimated time spent on DTT trials without ever observing student's performance in the classroom. ALJ Decision at COL 15.

50. As a separate defense, and in the alternative, Defendant alleges that Judge Eigenheer properly concluded, and did not err, when she decided that the Plaintiff's allegations with respect to the sensory diet were unsupported by anything other than the Plaintiff's own interpretation of the IEP and that the sensory diet was properly accessed by the student throughout the day. ALJ Decision at COL 17 and 18.

51. As a separate defense, and in the alternative, Defendant alleges that Judge Eigenheer properly concluded that Plaintiffs failed to sustain their burden of proving that they were not afforded an opportunity to meaningfully participate in the August 14th and 15th IEP meetings based on evidence which demonstrated that at least one parent was included in each IEP meeting developing the 2013-14 IEP, including IEP meetings in May and August,

1  and that parents were given multiple opportunities to ask questions and give their input
2  during those meetings. ALJ Decision, FOF 32 and 33, COL 32.

3  52. As a separate defense, and in the alternative, Defendant alleges that Judge Eigenheer properly concluded that failure of a student to achieve an annual goal is not evidence of a failure to provide FAPE, and that failure of a student to master an STO by the day identified in the August 2012 IEP does not necessitate a finding that school failed to implement the IEP or provide FAPE. ALJ Decision, COL 7.

8  53. As a separate defense, and in the alternative, Defendant alleges that Judge Eigenheer properly concluded that the notation of "occupational therapist" on the IEP related to the sensory diet did not require that the occupational therapist be the only staff member to provide that service. ALJ Decision, COL 20.

12  54. As a separate defense, and in the alternative, Defendant alleges that Judge Eigenheer properly denied all relief to Plaintiffs other than the ninety hours of compensatory education, as properly determined within her discretion. ALJ Decision, Order.

15  55. As a separate defense, and in the alternative, Defendant alleges that the remedies for violations of the IDEA are equitable in nature and limited to recovery, where appropriate, of reimbursement of tuition and compensatory education. See *Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084 (9th Cir. 2008).

19  56. As a separate defense, and in the alternative, Defendant alleges that the courts have discretion on how to craft compensatory relief and that there is no obligation to provide an hour for hour or day for day compensation for time missed. *Park v. Anaheim Union High School District*, 464 F.3d 1025, 1033-34 (9th Cir. 2006); *Parents of Student W. v. Puyallup Sch. Dist.*, 31 F.3d 1489, 1497, (9th Cir. 1994).

24  57. As a separate defense, and in the alternative, Defendant alleges that compensatory education may be awarded in the form of hours of teacher training in lieu of additional hours

1  of services to the student. See *Park v. Anaheim Union High School District*, 464 F.3d 1025,
2  1033-34 (9th Cir. 2006).

4  Defendant does not cross appeal and does not contest the 90 hours of compensatory
5  education awarded by Judge Eigenheer. Defendant nevertheless makes the following
6  affirmative allegations:

7  58. As a separate defense, and in the alternative, Defendant alleges that the District
8  provided E.O. with an IEP that was reasonably calculated to enable the student to receive
9  educational benefits.

10  59. Defendant alleges that the parents agreed that the 2012-13 IEP for E.O. was adequate
11  and reasonably calculated to provide educational benefit to E.O. ALJ Decision, Findings of
12  Fact (FOF) 5.

13  60. As a separate defense, and in the alternative, Defendant alleges that the District
14  complied with the procedural requirements of the IDEA in providing E.O. with special
15  education services.

16  61. As a separate defense, and in the alternative, Defendant alleges that any alleged
17  deficiencies in the District's compliance with the procedural requirements of the IDEA in
18  providing E.O. with special education services did not result in any actual harm or denial of
19  free appropriate public education.

20  62. As a separate defense, and in the alternative, Defendant denies a material failure to
21  implement E.O.'s Individualized Education Program (IEP) and affirmatively alleges that the
22  IEP was implemented consistent with the requirements of free and appropriate public
23  education.

HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
*Attorneys at Law*
Post Office Box B
120 North Beaver Street
Flagstaff, Arizona 86002
(928) 226-0000

255999.1 11/3/2014               12

63. As a separate defense, and in the alternative, Defendant alleges that the District provided E.O. with a free and appropriate education as required by the IDEA and applicable state law.

64. As a separate defense, and in the alternative, the IEP team for E.O. included appropriate, experienced and qualified educators and experts trained in the instruction of students with autism, all in compliance with IDEA.

65. As a separate defense, and in the alternative, Defendant provided E.O. with appropriate, personalized special education instruction by qualified educators based upon scientifically based teaching methodologies designed for the instruction and education of autistic students.

66. The Defendant affirmatively alleges that the sole mention of benchmarks or short term objectives (STOs) in the IDEA law and regulations occurs at 34 C.F.R. §300.320(a)(2)(ii), which states that for children with disabilities who take alternative assessments, a description of benchmarks or short term objectives should be included in the IEP.

67. Defendant affirmatively alleges no language or requirement in the IDEA or related regulations requires a school district to move a student from one benchmark to the next within a "reasonable time" or within any specified amount of time.

68. Defendant affirmatively alleges that Behavior Analyst, Dr. Trina Spencer testified that there are numerous sound educational reasons for not moving a student to the next STO immediately upon accomplishment of that STO. ALJ Decision FOF 8.

69. As a separate defense, and in the alternative, Defendant alleges that nothing in the IDEA creates a right of action on behalf of a student for the failure of a school to move a student immediately to the next benchmark or STO upon completion of the previous STO.

70. As a separate defense, and in the alternative, Defendant alleges that the IDEA does not permit recovery of compensatory or punitive damages.

71. As a separate defense, and in the alternative, no language or requirement in the IDEA or related regulations requires a school district to prepare a draft IEP prior to the IEP meeting, or if a draft is prepared, to provide the draft in advance of the meeting to the parents.

72. As a separate defense, and in the alternative, Defendant alleges that the IDEA does not permit a prevailing party to recover expert witness fees.

73. As a separate defense, and in the alternative, Defendant alleges that the IDEA does not provide for recovery of money damages for pain and suffering. *Witte ex rel. Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1275 (9th Cir. 1999).

74. As a separate defense, and in the alternative, Defendant alleges that Plaintiffs can produce no legal authority under the IDEA for relief in the form of appointment of "a recognized independent, third party authority" to provide "supervisory and oversight of the student's educational program", as requested by Plaintiff in Plaintiff's Due Process Complaints.

75. As a separate defense, and in the alternative, Defendant alleges that IDEA regulations at 34 C.F.R. 300.513(a)(2) state that in matters alleging procedural violation, a hearing officer may find a child did not receive a FAPE <u>only if</u> the procedural inadequacies – (i) impeded the child's right to a FAPE; (ii) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a FAPE to the parents' child; or (iii) cause a deprivation of educational benefit (emphasis added).

76. As a separate defense, and in the alternative, Defendant alleges that the IDEA requires school districts to provide a "basic floor of opportunity" but does not require each child's potential to be maximized. *Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S.

1  176, 198-200, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982). An appropriate program under IDEA "does not mean the absolutely best or potential maximizing" services that can be provided. *Adams v. State of Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999).

77. As a separate defense, and in the alternative, Defendant alleges that Plaintiff does not have a right to a jury trial under the IDEA.

78. Defendant, the Sedona Oak Creek Unified School District No. 9, affirmatively alleges that it is entitled to an award of attorneys' fees and costs (taxable and non-taxable) in connection to this appeal of the Administrative Law Judge's decision. Defendant is seeking fees and costs incurred in defending against this frivolous action, which was brought for an improper purpose, for harassment, to needlessly increase the cost of litigation, and to delay a resolution of this matter without legal basis, which serves as grounds for an award of fees and costs under IDEA and 34 C.F.R. §300.517.

79. As a separate defense, and in the alternative, Defendant alleges that Plaintiff has not suffered any harm not addressed by the ninety (90) hours awarded.

80. As a separate defense, and in the alternative, Defendant has not proximately caused any actual harm to Plaintiff not addressed by the ninety (90) hours awarded, thereby subjecting Plaintiff's claims to dismissal.

81. As a separate defense, and in the alternative, Defendant alleges that Plaintiff has failed to take reasonable steps to mitigate the damages or losses Plaintiff claims to have suffered.

82. As a separate defense, and in the alternative, Defendant alleges that Plaintiff failed to timely and fully exhaust his administrative remedies as to any issues and claims not raised in the Due Process Complaint and not raised before the Administrative Law Judge.

83. Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted.

84. Defendant asserts that the affirmative defenses set forth in Rule 8(c) and Rule 12, Fed. R. Civ. P. may become applicable if discovery progresses. These defenses include, but are not limited to the defenses of: arbitration and award, duress, estoppel, fraud, illegality, release, res judicata, waiver, insufficiency or process and insufficiency or service of process.

PRAYER FOR RELIEF

Wherefore, Defendant Sedona Oak Creek Unified School District, demands that the Plaintiff's Complaint be dismissed; and prays for the following relief:

A. An Order Dismissing Plaintiff's Complaint on appeal and Affirming Judge Eigenheer's Decision;

B. Judgment awarding Defendant reasonable attorneys' fees and costs (taxable and non-taxable) incurred in the appeal of this proceeding against parent, and if parent has retained an attorney, parent's attorney, under the IDEA at 20 U.S.C. §1415 (i)(3)(B)(i)(II)(III) and 34 C.F.R. 300.517, which amounts will be established by motion filed pursuant to the local rules of procedure for the District Court;

C. Interest on the Judgment at the highest lawful rate and from the earliest lawful date until paid;

D. Or such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 3rd day of November, 2014.

/s/Patrice M. Horstman
Patrice M. Horstman
Eve A. Parnell
Samantha B. Kelty
On behalf of the Sedona Oak Creek Unified School District
HUFFORD, HORSTMAN, MONGINI, PARNELL AND TUCKER
120 NORTH BEAVER STREET
FLAGSTAFF, AZ 86001

255999.1 11/3/2014

16

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 3, 2014 I electronically transmitted the foregoing document to the Clerk's Office using the CM/EFC System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

  Matthew C. Oskowis
  105 Pony Soldier Road
  Sedona, AZ  86336

                */s/Kassandra Parmely*

HUFFORD, HORSTMAN, MONGINI, PARNELL & TUCKER, P.C.
*Attorneys at Law*
Post Office Box B
120 North Beaver Street
Flagstaff, Arizona 86002
(928) 226-0000

255999.1 11/3/2014

17