Matthew C Oskowis
105 Pony Soldier Road
Sedona, Arizona 86336
Tel.: 602-554-4353
Matthew.Oskowis@live.com

*Plaintiff Pro Se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Matthew Oskowis, individually and on behalf of E.O., | Case No.: 3:14-cv-08166-JAT |
|---|---|
| Plaintiff, | REPLY TO RESPONSE TO MOTION TO PROHIBIT SPOILAGE AND PRESERVE EVIDENCE |
| vs. | (BEFORE THE HONORABLE JAMES A. TIELBORG) |
| Sedona Oak Creek Unified School District, No. 9, | |
| Defendant | *Expedited Consideration Requested* |

   Matthew Oskowis, Plaintiff, hereby replies to the Defendant's Response to Motion to Prohibit Spoilage and Preserve Evidence ("Response") filed by the Sedona Oak Creek Unified School District No. 9 ("District") on Friday December 19, 2014. The District appears to be overly concerned with denying the Plaintiff access to electronic communications (i.e. email) specifically in its Response as this seems to be the topic for the majority of. Unfortunately the Plaintiff's primary concern is the validity and accuracy of the evidence presented. As the District has referred in its Response that the Administrative Law Judge ruling must be given due weight in the appeal process; consequently the Plaintiff asserts if the ruling was based on altered and/or fabricated evidence presented by the District it draws into question the validity of that ruling.

   There appears to be some question raised in the validity of the email that was presented as an exhibit with the original Motion to Prohibit Spoilage and Preserve Evidence ("Motion"). The email was sent by E.O.'s current teacher at the time and sent to the Plaintiffs email address with Wells Fargo Bank. Being a federally insured financial institution, Wells Fargo Bank's communication systems are of the highest security and integrity and as such the validity of the email can be assured. Both the email and the subsequent attached PDF contain digital fingerprints, as it were, that can provide some assurance to the actual source; especially when compared to other emails from the same originator, Kenneth Baumgartner, with PDFs attached.

REPLY TO RESPONSE TO MOTION TO PROHIBIT SPOILAGE AND PRESERVE EVIDENCE - 1 OF 4

1 The more important question is why the District has claimed that it has no record of this specific email as if to infer that the Plaintiff was the one who altered and/or fabricated the email. The Plaintiff has repeatedly expressed concerned that the District is not following either state or federally guidelines regarding the retention of electronic records (including email); the District claims of having no record of this specific email only further enforces the Plaintiff's concern.

The attached document in the email in question is very important, contrary to the District's Response. The document is a Prior Written Notice ("PWN"), and is one of the more critical documents associated with the IDEA. Under 34 CFR §300.503(a), the school district must give you a Prior Written Notice, whenever the school district: (1) Proposes to begin or change the identification, evaluation, or educational placement of a child or the provision of a free appropriate public education (FAPE) to a child; or (2) Refuses to begin or change the identification, evaluation, or educational placement of a child or the provision of FAPE to a child.

It is the PWN that actually documents the Districts intention in regards to what services to provide a child, ratifies the child's annual Independent Education Plan ("IEP"), plus documents any changes to the original child's annual IEP. As shown by the email in question, Kenneth Baumgartner, sent it in regards to an IEP meeting that had been held earlier in November 2012. It was not a draft, as the District infers, but the original sent by Kenneth Baumgartner documenting the decisions made during that November 2012 IEP meeting. The PWN is generated by an online web-based tool called IEP Pro™, which is the District's source-of-record for all their IDEA related documentation.

As critical as the document is to a child's education, the retention of the actual original submitted to the parents within the child's educational record is also very important. Again, the PWN in the email in question does not match the PWN presented by the District as evidence at the hearing of the Arizona Office of Administrative Hearings ("Tribunal"). The Plaintiff was never given the opportunity to actually review the educational record, but was given photocopies of the "alleged" educational record by the school in August 2013, which the Plaintiff subsequently asserted in August 2013 to the Tribunal that the educational record was incomplete.

With such an important document in association with a child's provision of free and appropriate public education ("FAPE") shown to have been altered and/or fabricated, provides the ability for the Plaintiff to

REPLY TO RESPONSE TO MOTION TO PROHIBIT SPOILAGE AND PRESERVE EVIDENCE - 2 OF 4

bring into question the accuracy of the entire record as presented by the District. The District expects, as it stated in its Response, that the Court should take their word that the record of evidence was complete and also claims that at the Tribunal's hearing the rules of evidence did not apply, but the Petitioner asserts that there should be some assurance that the evidence presented is not altered and/or fabricated from the original.

The Petitioner, without the ability to access the actual sources of record, electronic or otherwise, has no way of determining whether the evidence presented is valid. Since both the Tribunal and the Plaintiff were supplied photocopies of the record by the District, both are left at the District's mercy of whether they were provided an accurate record as evidence. Plaintiff asserts that Congress's intention, when they wrote the parental safeguards into the IDEA, was not to allow a school district to present evidence at a hearing and that the evidence cannot be brought into question, especially with evidence to the contrary, by simply taking the school district's word that it is.

Nothing in the IDEA statutes limits the ability to present evidence at the Tribunal or later in District Court that falls outside the scope of the IDEA's definition of "educational record". The District spends a substantial time in its response defining what the "educational record" is and infers that this is all the evidence required for the Tribunal to make a decision. The Plaintiff disagrees with the District definition of the "education record" as they seem to want to limit the "education record" to what the District itself determines it to be.

The District main concern in its Response seems to pivot on the issue of electronic communications (i.e. email) expressing how much of a burden it would be for them to provide such information in relation to this case. The District's claim appears to run contrary to both state and federal statute (e.g. Amendments to the Federal Rules of Civil Procedure in 2006 and the Freedom of Information Act of 1966) which instructs the District, being a federal funded entity, to have the ability to store, archive and retrieve from that archive any and all electronic communications performed by the District. Thus the tools and resources should already be in place to make such a discovery request possible. But again, the Plaintiff asserts that it only seeks to validate the record, thus as the email in question defines, access to the electronic communication is key in terms of establishing the origination and validity of the record.

REPLY TO RESPONSE TO MOTION TO PROHIBIT SPOILAGE AND PRESERVE EVIDENCE - 3 OF 4

1    The Plaintiff can also present into evidence other circumstances in which the school has altered documents and presented them as such as being the original; the August 2012 IEP was modified by Kenneth Baumgartner, between March 2013 and May 2013, and then presented as the original August 2012 IEP from May 2013 onward until the Plaintiff caught the error and informed the District. The original in the electronic system-of-record had been basically been overwritten by an employee of the District as there are no safeguards, policy or procedures in place to prevent such happening, thus the need for the Court ordering such.

**Conclusion**

As much effort the District dedicated in its Response in disputing the Plaintiffs ability to access the electronic sources-of-record, causes the Plaintiff to invoke the quote from Shakespeare's Hamlet, "*The lady doth protest too much, methinks*" and begs the question of what the District has to fear in allowing the Plaintiff the ability to verify the evidence that the District has presented by accessing those source-of-records in which the evidence "allegedly" originated from.

The Plaintiff's is still very much concerned that the Defendant is not following the guidelines for document retention as required by both state and federal guidelines, and the Defendant (based on its Response) is unwilling to cooperate with discovery because of mismanaged retention, alteration and/or fabrication of records. Plaintiff would like the Court to order the Defendant to prohibit spoilage, preserve evidence and stop further alteration and/or fabrication of records, including the actual electronic sources of record and their archival. This Court should grant this motion in order to guard against any further accidental or intentional spoliation of evidence.

RESPECTFULLY SUBMITTED this 24th day of December, 2014.

_____
Matthew C Oskowis

///

REPLY TO RESPONSE TO MOTION TO PROHIBIT SPOILAGE AND PRESERVE EVIDENCE - 4 OF 4