**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Matthew Oskowis, individually and on behalf of E.O.,

Plaintiff,

v.

Sedona Oak Creek Unified School District No. 9,

Defendant.

No. CV-14-08166-PCT-JAT

**ORDER**

Pending before the Court is Plaintiff's Motion to Prohibit Spoilage and Preserve Evidence (Doc. 15). The Court now rules on the motion.

**I.      Background**

Plaintiff Matthew Oskowis filed this action seeking judicial review of an administrative decision concerning his minor child, E.O. Plaintiff originally filed four due process complaints against Defendant pursuant to the Individuals with Disabilities Education Act ("IDEA").   (Doc. 1 at 2-3). The Administrative Law Judge ("ALJ") consolidated these complaints, and issued a decision. (Doc. 1-3 Ex. E). The ALJ concluded that Defendant had denied E.O. a free appropriate public education ("FAPE") with respect to four of the annual goals for E.O. set forth in his Individualized Education Program ("IEP") and awarded ninety hours of compensatory education. (*Id.* at 38-39). The ALJ rejected the balance of Plaintiff's claims. (*Id.* at 39). Plaintiff appeals from this decision. (Doc. 1).

1    Because this case is a judicial review of an administrative ruling, the parties

2   agreed in their Joint Proposed Case Management Plan that discovery generally did not

3   apply, although Plaintiff claimed that limited discovery could apply for certain purposes.

4   (Doc. 14 at 6-10). However, Plaintiff has now filed the present motion seeking "to

5   prohibit spoilage" and to permit Plaintiff to conduct discovery of certain documents.

6   (Doc. 15).

7    Plaintiff's basis for his motion is an alleged discrepancy between a document in

8   the administrative record and Plaintiff's own copy of that document. Specifically,

9   Plaintiff takes issue with a "Prior Written Notice" from November 30, 2012 that is part of

10   the administrative record, which Plaintiff attached as Exhibit A to his motion. (Doc. 15-2

11   at 2). Plaintiff asserts that E.O's teacher e-mailed Plaintiff on November 30, 2012 a

12   "Prior Written Notice" that differs from the copy in the administrative record. (Doc. 15 at

13   2). Plaintiff has attached this latter document as Exhibit C to his motion. (Doc. 15-2 at 7).

14   Plaintiff believes the Prior Written Notice in the administrative record is the product of

15   Defendant's alteration or fabrication, and this is indicative of the Defendant's fabrication

16   of E.O's education record in general. (Doc. 15 at 2). Exhibits A and C differ substantially

17   in content but are both dated "11/30/2012."

18   **II.    Legal Standard**

19    The IDEA provides that in civil actions for review, the district court "shall receive

20   the records of the administrative proceedings" and "shall hear additional evidence at the

21   request of a party." 20 U.S.C. § 1415(i)(2)(C). In *Ojai Unified School District v. Jackson*,

22   4 F.3d 1467 (9th Cir. 1993), the Ninth Circuit Court of Appeals ("Court of Appeals")

23   interpreted the "additional evidence" requirement as granting a district court discretion to

24   supplement the administrative record in limited circumstances. 4 F.3d at 1473.

25    "The starting point for determining what additional evidence should be received . .

26   . is the record of the administrative proceeding." *Id.* (citation omitted). Reasons to

27   supplement the record include "gaps in the administrative transcript owing to mechanical

28   failure, unavailability of a witness, an improper exclusion of evidence by the

- 2 -

1   administrative agency, and evidence concerning relevant events occurring subsequent to

2   the administrative hearing." *Id.* However, the district court "must be careful to not allow

3   [additional] evidence to change the character of the hearing from one of review to a trial

4   *de novo.*" *Id.*

5   **III.    Analysis**

6       Plaintiff complains that Defendant controls the creation of E.O.'s educational

7   record and did not present a complete or accurate copy of this educational record to the

8   ALJ. (Doc. 15 at 2-3). Plaintiff asserts that the discrepancy between the Prior Written

9   Notice in the administrative record and what Plaintiff actually received via e-mail casts

10   doubts upon the veracity of the administrative record, justifying discovery. (*Id.* at 3).

11   Plaintiff seeks to convert this discrepancy into expansive discovery, including all IEP

12   meeting notes, all test results, all notes authored by Defendant's personnel pertaining to

13   E.O., all notes from specialists, and all correspondence mentioning E.O. (Doc. 15 at 1).

14       Defendant denies having a record of the alleged Prior Written Notice attached as

15   Exhibit C to Plaintiff's motion, and avers that it has not modified any records in this case.

16   (Doc. 17 at 10-11). Defendant devotes a substantial portion of its response to arguing that

17   Plaintiff's requested discovery is improper because the documents requested are not

18   education records relevant to this case. (*Id.* at 7-10).

19       The Court has the discretion to admit additional evidence for its consideration. *See*

20   *Ojai*, 4 F.3d at 1473. The Court cannot ignore Plaintiff's allegations because if correct, an

21   erroneous administrative record would be a valid basis for the Court to admit additional

22   evidence. However, Plaintiff seeks to use an alleged discrepancy to conduct broad

23   discovery, and the Court is not convinced that Plaintiff has yet made the requisite

24   showing that would justify such an order. In sum, each party either explicitly or implicitly

25   accuses the other of fabricating evidence (or at the least, having an inaccurate record).

26       Because the basis for Plaintiff's alleged discrepancy is an e-mail sent by E.O.'s

27   teacher using a school e-mail account, the Court will order Defendant to conduct a

28   forensic examination of its electronically-stored data (including computers, e-mail

- 3 -

1   servers, and backups) to ascertain whether Defendant has a copy of this e-mail.

2   Defendant must either (1) file an affidavit stating, under oath, that it possesses a copy of

3   this e-mail and present a copy of the e-mail and the Prior Written Notice attachment; or

4   (2) file an affidavit stating, under oath, that it has forensically searched all records and

5   data within its possession for this e-mail and it does not have a copy in its possession. If it

6   turns out that E.O.'s teacher actually sent this e-mail, then Plaintiff may refile a request

7   for discovery. Otherwise, the Court sees no basis for permitting additional discovery in

8   this case. The Court recognizes this procedure will place a burden upon Defendant, but

9   believes any burden is slight because the date and time of the e-mail are known, which

10   will facilitate quick searching, and outweighed by the important value of having a

11   complete and accurate administrative record for review. This procedure will also resolve

12   the conflict between the parties as to the completeness of the administrative record in this

13   case.

14   **IV.   Conclusion**

15      For the foregoing reasons,

16      **IT IS ORDERED** denying Plaintiff's Motion to Prohibit Spoilage and Preserve

17   Evidence (Doc. 15).

18      **IT IS FURTHER ORDERED** that within twenty days from the date of this

19   Order, Defendant shall conduct a forensic search of all electronic records within its

20   possession for the e-mail and e-mail attachment identified in Exhibits B and C of

21   Plaintiff's Motion at Doc. 15-2. Defendant shall within this time period file an affidavit

22   with the Court that identifies, under penalty of perjury, whether Defendant has a copy of

23   this e-mail and e-mail attachment within its possession. If Defendant has a copy of this e-

24   mail and e-mail attachment within its possession, then Defendant must also attach these

25   documents to its affidavit filed with the Court. If Defendant attests that it does not have a

26   copy of this e-mail and e-mail attachment within its possession, then Defendant's

27   affidavit must list, in detail, the forensic examination steps taken to locate these

28   documents and must also include a statement from a suitably-credentialed third-party

1   certifying that these steps constituted a diligent search.

2          Dated this 21st day of April, 2015.

3

4

5          _____

6                   James A. Teilborg
                Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -