**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Oskowis,<br><br>              Plaintiff,<br><br>v.<br><br>Sedona Oak-Creek Unified School District #9,<br><br>              Defendant. | No. CV-14-08166-PCT-JAT<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Extension of Time (Doc. 22) and Motion for Sanctions (Doc. 28). The Court now rules on the motions.

**I.  Background**

As the Court summarized in its previous order:

> Plaintiff Matthew Oskowis filed this action seeking judicial review of an administrative decision concerning his minor child, E.O. Plaintiff originally filed four due process complaints against Defendant pursuant to the Individuals with Disabilities Education Act ("IDEA"). (Doc. 1 at 2-3). The Administrative Law Judge ("ALJ") consolidated these complaints, and issued a decision. (Doc. 1-3 Ex. E). The ALJ concluded that Defendant had denied E.O. a free appropriate public education ("FAPE") with respect to four of the annual goals for E.O. set forth in his Individualized Education Program ("IEP") and awarded ninety hours of compensatory education. (*Id.* at 38-39). The ALJ rejected the balance of Plaintiff's claims. (*Id.* at 39). Plaintiff appeals from this decision. (Doc. 1).

(Doc. 20 at 1).

Although the parties initially agreed in their Joint Proposed Case Management

Plan that discovery did not apply to this appeal from an administrative decision, Plaintiff filed a motion "to prohibit spoilage" and to permit Plaintiff to conduct discovery of certain documents. Plaintiff pointed out a discrepancy between a document in the administrative record and Plaintiff's own copy of that document. (Doc. 15). Specifically, Plaintiff alleged that E.O.'s teacher, Ken Baumgartner, had e-mailed Plaintiff on November 30, 2012 a "Prior Written Notice" (a type of document relating to E.O.'s educational plan) that differed from the November 30, 2012 Prior Written Notice included in the administrative record. (*Id.* at 2). The contents of both documents differed substantially but were both dated "11/30/2012." The Prior Written Notice at issue is an education record for an Individualized Education Program ("IEP") meeting that occurred on November 15, 2012. (Doc. 24 at 2).

Because the accuracy of the administrative record was in question, the Court ordered Defendant to forensically examine its computer systems for a copy of the November 30, 2012 e-mail and e-mail attachment. (Doc. 20 at 3-4). Defendant did so, found the e-mail and attachment, and produced them in the same form as alleged by Plaintiff. (Doc. 24). Significantly, as Defendant states in its response to the Court's order:

> The "Baumgartner" email and attachment are not contained in the District's educational record for the Plaintiff's student, nor were these documents ever transmitted to the District's Special Education Office, nor were they provided to Mr. Scott Keller, Special Education Director. Until Plaintiff provided copies of these documents as part of Plaintiff's motion to this Court, neither the District's Special Education Office nor Mr. Killer were aware of their existence.

(Doc. 24 at 2). Mr. Keller, the Director of Student Services, attests that he was unaware of the November 30, 2012 e-mail and attachment until December 2014, when Plaintiff filed his motion for spoilage and discovery, and at that time he contacted a support analyst for the software program used to store E.O.'s educational record. (Doc. 25 at 1-3). Mr. Keller further attests that the support analyst informed him that the "IEP Pro" software used could not track when a Prior Written Notice was changed or how its contents changed, that Mr. Baumgartner last modified the Prior Written Notice on

1 February 1, 2013 (two months after the date of the notice), and IEP Pro could not track when a user printed copies of a Prior Written Notice. (*Id.* at 3-4).

Mr. Keller attests that after the Court's April 21, 2015 Order for an examination of its computer records, he further investigated with the maker of the IEP Pro software and discovered that the Prior Written Notice created on November 30, 2012 had been modified by Mr. Baumgartner sometime between January 26, 2013 and February 2, 2013. (*Id.* at 5). This modified version is the version included in E.O.'s education records and the administrative record. (*Id.*)

## II.   Motion for Extension of Time

Plaintiff's opening brief in this case is currently due on May 15, 2015. (Doc. 16). Plaintiff has moved for a ninety-day extension of time to the briefing deadlines so that he may complete any discovery necessary in this case and ensure an accurate educational record prior to briefing. (Doc. 22). The Court is troubled by the demonstrated disparity between the Prior Written Notice as sent to Plaintiff and the Prior Written Notice as recorded by Mr. Baumgartner in E.O.'s educational records. However, it does not follow that the Court automatically orders Defendant to conduct a lengthy examination of all electronic records. Plaintiff bears the burden of demonstrating entitlement to discovery; Plaintiff must show that this examination would meaningfully contribute to the resolution of this case.

Therefore, the Court will extend the briefing schedule by approximately three months, and will permit Plaintiff to file a motion for discovery. Plaintiff must provide a specific list of documents currently in the administrative record for which a forensic examination of Defendant's computer records is sought, and for each document requested, must articulate specific reasons showing both (1) the reasons for Plaintiff's good-faith belief that the version of the document provided in the educational record differs from another version of the same document elsewhere provided, with the latter purported to be a final version, and (2) why any such discrepancy will materially affect the Court's decision on the merits of Plaintiff's appeal.

### III. Motion for Sanctions

Plaintiff admits in his motion for sanctions that he failed to serve it on Defendant's counsel at least twenty-one days before filing with the Court, as Federal Rule of Civil Procedure 11(c)(2) requires. (Doc. 28 at 4). Accordingly, this motion is denied.

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** resetting the briefing schedule as follows. Plaintiff's opening brief is due August 17, 2015. Defendant's responsive brief is due September 17, 2015. Plaintiff's reply brief is due October 19, 2015.

**IT IS ORDERED** denying Plaintiff's Motion for Sanctions (Doc. 28).

**IT IS ORDERED** granting Plaintiff's Motion for Extension of Time (Doc. 22).

Dated this 13th day of May, 2015.

James A. Teilborg
Senior United States District Judge